### M. K. TURNER v. JOHN McDONALD.'

1. **Cost and Value of Services Distinguished.**

   On the breach of a contract to give work, before the expiration of the agreed period, the plaintiff cannot recover what he paid for wages and expenses in having the work done, but what they were worth.

2. **Acceptance Implied when Work is Done.**

   One who makes another a proposition to pay for his services at a stated price for ten months, and ceases to supply the work before the period expires, is liable, although the proposition was not formally accepted, but the work done as furnished.

Error to the Court of Common Pleas of Hamilton county.

Cox, J.

Plaintiff in error was the Cincinnati agent, and defendant in error the Chicago agent of a mercantile reporting company. Defendant in error, having signified that he could do some of plaintiff in error's "writing up" for him, plaintiff in error forwarded him a proposition to the effect that he would pay him a dollar a page for such work for a period of ten months. To this letter the defendant in error did not reply. He did the work, however, as it was sent, and, when plaintiff in error ceased to forward work to him before the ten months had expired, he sued for loss sustained thereby, and in the trial below recovered a verdict of $250. The defense was that there was no contract. The trial judge charged the jury that "If you find McDonald was justified in relying on his construction of the letter, under the rules I have given you, then he is entitled to damages in the amount he has paid for wages and expenses."

Held: The giving of this charge was error; the charge should have been not what he paid for wages and expenses, but what were they worth, as was also the refusal to give special charges 3, 4 and 5, asked for by the defendant below. These charges related particularly to the law governing contracts.

Judgment reversed.

Kramer & Kramer and Lowry Jackson, for plaintiff in error.

W. H. Jones, *contra*.